**TAYLOR v. YEAGER.**

Court of Appeals of Kentucky.

May 8, 1953.

Rehearing Denied Nov. 13, 1953.

James B. Meadows and Fred M. Warren, Newport, for appellant.

Morrison Fordyce, Newport, for appellee.

COMBS, Justice.

This declaratory judgment suit was filed by Donald E. Taylor against his aunt, Margaret M. Yeager, for a construction of the will of Donald's deceased mother, Amelia M. Taylor.

The main issue concerns the rights of the parties to a house and lot located in the City of Bellevue, and referred to in clause 4 of the will. The question is whether Margaret M. Yeager holds the property as life tenant or as a trustee. The will reads:

"Fourth. All the balance, rest, and residue of my property, real, personal, and mixed, I give, devise and bequeath to my aunt, Margaret M. Yeager, as Trustee and in trust for the following purposes and persons, and with the following powers, to-wit: To take possession and control of and manage all of my property, real, personal, and mixed, and to collect all the rents, issues and income thereof; to sell, mortgage and transfer same, and the purchaser or mortgagee shall not be bound to look to the application of the purchase money; to invest and re-invest as often as she deems proper the income and proceeds of any sale or mortgage; to have possession of my house and lot on Lake and Berry Streets in the City of Bellevue, Kentucky, and have all the income thereof for and during her natural life, with power to sell and mortgage same, and as such life tenant, she shall be charged with all expense for the upkeep of said house, including payments on the mortgage against same, and in the event of a sale by her during her life, she shall be entitled to one-half of the net proceeds remaining after payment of the liens against said property. Excepting, said house and lot, all the balance of said real and personal property, including one-half of the net proceeds of the sale of said house, she shall hold for the use and benefit of my son, Donald E. Taylor, and may use any or all of the income or proceeds of any sale for his comfortable support and maintenance during his minority, and pay and deliver same to him on his becoming of age. I will that no bond be required of her as such trustee."

The Chancellor held that the defendant, Margaret M. Yeager, has a life estate in the house and lot, and:

"* * * as such she is entitled to the sole possession of said real estate and all the rents, issues and profits thereof for and during her natural life, subject to the expense and upkeep and payments of installments due on mortgages, and with power, at any time, to sell same, pay off incumbrances, and upon said sale she shall be entitled to one-half of the net proceeds and the plaintiff, Donald E. Taylor, shall be entitled to the other half of said net proceeds.

"In the event said real estate is not sold by the defendant during her lifetime, then and in that event (the death of Margaret M. Yeager) the plaintiff, Donald E. Taylor, shall be entitled to the whole of said real estate subject to any mortgages and liens on and against the same, * * *." (Our parenthesis.)

We think the Chancellor's construction of the will is correct.

There is some contention the defendant should be required to make an accounting of her action as trustee. Since the only property belonging to the estate is the house and lot in which she owns a life estate, no accounting is necessary.

The judgment is affirmed.