**Fred M. WARREN et al., Appellants,**

v.

**Donald E. TAYLOR et al., Appellees.**

Court of Appeals of Kentucky.

March 1, 1957.

Fred M. Warren, James B. Meadows, Newport, for appellant.

Morrison A. Fordyce, Newport, for appellees.

CLAY, Commissioner.

This controversy concerns a claim for an attorneys' fee against appellee Taylor. It is unnecessary to discuss the rather unusual manner in which this claim was presented. The trial court dismissed the claim and ordered stricken a lis pendens notice affecting Taylor's real estate which had been filed by appellants.

In May, 1951, appellee Taylor executed a written contract under the terms of which he agreed to pay appellant attorneys for their legal services a sum equal to one-half of any sum or sums recovered by them from the estate of Taylor's deceased mother. Pursuant to this contract of employment, appellants filed a suit against his great aunt, Margaret M. Yeager, who was then in possession of a house and lot devised by his mother's will. The claim of Taylor, as presented by his attorneys, was that the great aunt held the property as trustee for Taylor, and recovery of possession and damages were sought on that basis.

In that suit it was adjudged that the great aunt had a life estate in the property, and Taylor's claim was thereupon denied. Appellants appealed that case to this Court, and in Taylor v. Yeager, Ky., 261 S.W.2d 638, we affirmed the lower court judgment. As noted in that opinion, the question presented was whether or not Taylor's great aunt had any beneficial interest in the property. It being adjudicated that she did, obviously Taylor was unsuccessful in asserting his claim.

Not long after the foregoing decision, the great aunt died, and under the terms of the will Taylor, as the remainderman, became vested with the fee in the real estate. It is now the contention of appellants that they recovered this property for Taylor and under the contract of employment are entitled to one-half of its value (approximately $6,000).

As did the trial court, we find no merit in appellants' claim. The remainder interest of Taylor was not in dispute in the former litigation. What appellants had sought to recover was the claimed life interest of Taylor's great aunt in the property. Appellants did not win this suit, but lost it. At no time have they recovered anything for Taylor.

It is true that by virtue of the terms of the will, and the subsequent death of the life tenant, Taylor was vested with the fee. However, the services of appellants neither accomplished this result nor accelerated it. Taylor received no benefits contemplated by the contract, and consequently appellants have no rightful claim to compensation.

The judgment is affirmed.